Per Curiam.

It appears to us extremely plqj? that the evidence offered tended to show a condition or de.asance by parol, in direct contradiction to the written agreemet) anc¡ so contrary to the rule. The contract in writing was, plain, unconditional undertaking to deliver the property, at a 'ertain time and upon certain contingencies ; and the parol evience tended to show, that there was an agreement, made atthe time the written contract was entered into, and intendedto overcome the reluctance of the defendants and induce them to sign it, by which the contract was to be discharged upon other *571 and different terms. We think it was opposed to the spirit and letter of ihe rule.
It was contended, that the evidence here was admissible inder the exception to the general rule, that a receipt, though in writing, may be controlled and corrected by parol evidence. But it is obvious, that although this instrument is properly Called a receipt, and in form begins by acknowledging the receipt of the property described, yet in substance it is a contract, an engagement to deliver the property at the time and upon the terms specified. It is this contract upon which the action is brought, and upon which the question now arises. The receipt alluded to in the exception, which may be controlled by parol evidence, is merely an acknowledgment of the receipt of money.
It is extremely doubtful, whether if the evidence were admitted, it would show any ground of defence. It tends to show that the plaintiff agreed to receive the property and give up the receipt before the time specified, if offered to him by the defendants. But the evidence does not show that they offered .it to him, or even that he could have obtained it, had he applied for it, as they wished him to do. His failure to do so was at most a failure to perform a distinct collateral promise, not affecting this obligation.
On the other point, the property being valued in the instrument itself, that is to be taken to be the agreed value, and binding upon the parties, unless it is shown that some fraud was practised. The damages are therefore to be computed upon the valuation stated in the instrument.[1]

Defendants defaulted.

 See Johns v. Church, ante, 561 and note.